IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PAMELA LINDSLEY                                                                                          PLAINTIFF

VS.                                                         CIVIL ACTION NO. 2:06cv0058-KS-JMR

DEBBIE WHEAT                                                                                          DEFENDANT

VS.

FIREMAN'S FUND                                                                                        GARNISHEE

## ORDER

This cause was before the Court telephonically on request for status conference by Honorable Jack Land.  Appearing were Honorable Jack Land, representing Pamela Lindsley, Honorable Kim Chaze, representing Debbie Wheat, Honorable Scott Ellzey, representing Fireman's Fund and Honorable Prentiss Harrell, representing Choice Realty.

The issue before the Court was whether the proper removal from the State Court by a Garnishee, herein Fireman's Fund, would remove the case for all purposes from State Court. And the Court after hearing arguments of counsel and reviewing applicable law, does hereby find that each garnishment is a separate cause of action and the removal to Federal Court by Fireman's Fund of the garnishment filed against it would not remove the case for all purposes.

This Court has reviewed the case of *McIntosh v. Scottsdale Insurance Company*, 1991 W.L. 228344 (D. Kan.) and the facts of this case are very similar to the case before the Court. The *McIntosh* case cites other case law which holds that a garnishment action is controlled by the ruling state law in the state where the litigation is instituted.  Here, Mississippi law would control. This Court is unable to find a specific Mississippi case, but the trend and the majority of

decisions hold that each garnishment is an independent action. While one garnishment action may be properly removable, as Fireman's Fund has properly done here, subsequent garnishment actions may not be removable depending on the particular facts and parties in said subsequent garnishment.

For the reasons articulated in the above described ruling, this Court finds that each garnishment is an independent action and the garnishment currently pending against Choice Realty should be responded to in State Court, separate and apart from the proceedings in this Court.

SO ORDERED AND ADJUDGED on this, the 18th day of July, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE